IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DELLEMOND CUNNINGHAM                                                        PETITIONER

v.                              CASE NO: 5:16-CV-00109-JLH-JTK

WENDY KELLEY, *Director*
Arkansas Department of Correction                                           RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

## Background and Procedural History

On March 9, 2009, a Washington County, Arkansas jury found Petitioner guilty of one count of aggravated robbery, one count of theft of property, one count of felon in possession of a firearm, and one count of intimidating a witness. (DE # 14 at Ex. 1)  Petitioner was sentenced to a total of 444 months' imprisonment in the Arkansas Department of Correction.  On April 2, 2009, Petitioner appealed his conviction to the Arkansas Court of Appeals.  On appeal, the Petitioner solely challenged his conviction on the count of intimidating a witness, and he argued that the circuit court erred by denying his motion for direct verdict on that charge. (DE #14 at Ex. 3)  The Arkansas Court of Appeals affirmed his conviction on February 11, 2010, holding

that the verdict was supported by substantial evidence. *Cunningham v. State*, 2010 Ark. App. 130.

On April 27, 2010, Petitioner timely filed a pro se petition for postconviction relief pursuant to Arkansas Rule of Civil Procedure 37.1 in Washington County Circuit Court. (DE #14 at Ex. 6) Petitioner alleged the following claims: (1) that he was denied procedural due process, and the defense was prejudiced by the prosecuting attorney's failure to provide discovery of witnesses; (2) that he was denied effective assistance of counsel as guaranteed by U.S. Const. Amend. VI, when his counsel failed to move for continuance in light of extremely late disclosures by the state; (3) that he was denied effective assistance of counsel, as guaranteed by U.S. Const. Amend. VI, when his counsel failed to excuse a biased juror; (4) that he was denied effective assistance of counsel, as guaranteed by U.S. Const. Amend. VI, when his counsel failed to move for a mistrial; (5) that he was denied effective assistance of counsel, as guaranteed by U.S. Const. Amend. VI, when his counsel failed to submit evidence at the proper time; and (6) that he was denied effective assistance of counsel, as guaranteed by U.S. Const. Amend. VI, when his counsel failed to object to the admission of hearsay testimony. (DE #14 at Ex. 6) On December 2, 2010, the Washington County Circuit Court denied and dismissed the petition and held the Petitioner had failed to show that his trial counsels' performance fell below an objective standard of reasonableness and/or that he suffered any prejudice as a result of the representation by his trial counsel. (DE # 14 at Ex. 7)

Petitioner appealed the circuit court's denial for post-conviction relief to the Arkansas Supreme Court on April 20, 2011. The Arkansas Supreme Court delivered its opinion on September 5, 2013, finding no error on the part of the circuit court; therefore, affirming the circuit's court's decision. *Cunningham v. State*, 2013 Ark. 304.

On April 11, 2016, the Petitioner filed his petition for writ of habeas corpus in this Court alleging various claims for ineffective assistance of his trial and appellate counsel. (DE #2) On June 7, 2016, the Respondent filed her response to the petition. (DE #14) In it, she denies the Petitioner is entitled to any habeas corpus relief because the petition is time barred. *Id.* For the reasons set forth below, the Court agrees.

## Discussion

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C.A. 2244(d)(1). The statute starts running from the date judgment became final. *Id.* The statute of limitations, however, is tolled while properly-filed applications for state post-conviction relief or other collateral review with respect to the judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

In this case, the Arkansas Court of Appeals affirmed Petitioner's conviction and sentence on February 11, 2010. *See Cunningham v. State,* 2010 Ark. App. 130, 2010 WL 475348. Due to the fact that he did not seek review to the Arkansas Supreme Court, his judgment became final on March 1, 2010. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that a judgment becomes final on the date that the time for seeking review expires for a state prisoner who does not seek review to the State's highest court). Pursuant to 28 U.S.C. 2244(d)(2), however, the Petitioner is entitled to statutory tolling during the time in which he sought collateral review of his convictions in state court.

Petitioner filed his petition for post-conviction relief in circuit court on April 27, 2010, and the circuit court denied the petition on December 2, 2010. The Arkansas Supreme Court affirmed denial of the petition on September 5, 2013. Therefore, Petitioner is entitled to

statutory tolling from April 27, 2010 through September 5, 2013. Petitioner did not file his federal habeas petition until April 11, 2016, well after the one-year statute of limitations expired; therefore, the pending petition is time barred.

There is also no reason to believe that equitable tolling would be appropriate. The United States Supreme Court has held a petitioner is entitled to equitable tolling of 28 U.S.C.A. 2244(d) only if he can show "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden rests solely on the petitioner to prove the grounds warranting equitable tolling and to satisfy the extraordinary circumstance test. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner does not cite any extraordinary circumstances which made it impossible for him to file a timely §2254 petition, but instead, argues that there is no period of limitation in which to file a federal habeas petition. The Court finds that equitable tolling of the one-year statute of limitations is not appropriate in this case.

## Conclusion

Petitioner's claims are time barred, and therefore, his petition should be denied. Accordingly for the reasons set forth above, it is recommended that Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice. It is further recommended that the District Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Petitioner's pending Motion to Dismiss (DE #17) is DENIED as moot.

SO ORDERED this 22nd day of August, 2016.

_____
United States Magistrate Judge